IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
Civil Action No. 5:16-cv-00857-D

| | | |
|---|---|---|
| OGLESBY BARNETT BARRETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ANSWER** |
| | ) | |
| LENOVO (UNITED STATES) INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Defendant Lenovo (United States) Inc. ("Defendant" or "Lenovo") files this Answer and Affirmative Defenses to Plaintiff Oglesby Barnett Barrett's ("Plaintiff") Amended Complaint [DE #4] as follows:

**FIRST DEFENSE**

In response to the numbered paragraphs of the Amended Complaint, Lenovo states:

Response to "Introduction"

1.      In response to paragraph 1, Defendant admits that Plaintiff brings this action seeking damages for a purported violation of Title VII of the civil Rights Act of 1964 ("Title VII"), as amended by the Civil Rights Act of 1992, 42 U.S.C. § 200e, *et seq.*, the Reconstruction Era Statutes, 42 U.S.C. § 1981 ("§ 1981'), the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621, *et seq.*, and wrongful discharge in violation of the public policy of North Carolina as stated in N.C. Gen. Stat. § 143-422.1.  Defendant denies that it violated any law relating to Plaintiff and denies Plaintiff is entitled to any recovery whatsoever in this lawsuit. Except as specifically admitted, Defendant denies the allegations of Paragraph 1, including subparts A through D.

2.	In response to paragraph 2, Defendant admits Plaintiff seeks reinstatement and other monetary relief.  Defendant denies that Plaintiff is entitled to any recovery whatsoever in this lawsuit.  Except as specifically admitted, this paragraph is denied.

Response to "Jurisdiction"

3.	In response to paragraph 3, Defendant admits that prior to filing this action, Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination based upon age and race, designated as EEOC Charge No. 433-2016-00083. Except as specifically admitted, this paragraph is denied.

4.	In response to paragraph 4, Defendant admits that the EEOC found no information to conclude that any violation of the law occurred and issued a Dismissal and Notice of Right to Sue to Plaintiff dated July 25, 2016.  Except as specifically admitted, this paragraph is denied.

5.	Paragraph 5 seeks a legal conclusion that requires no response from Defendant. To the extent a response is deemed required, Defendant admits Plaintiff satisfied administrative prerequisites with regard to the express subject matter of EEOC charge number 433-2016-00083. Except as specifically admitted, this paragraph is denied.

6.	Paragraph 6 seeks a legal conclusion that requires no response from Defendant. To the extent a response is deemed required, Defendant admits that this Court has subject matter jurisdiction over this action.

7.	Paragraph 7 seeks a legal conclusion that requires no response from Defendant. To the extent a response is deemed required, Defendant admits that this Court has subject matter jurisdiction over this action.

Response to "Venue"

8.      In response to Paragraph 8, Defendant admits that Plaintiff alleges events occurring in the judicial district of the United States District Court for the Eastern District of North Carolina, but denies events occurred as alleged by Plaintiff.  Defendant further admits it is a corporation doing business in the judicial district of the United States District Court for the Eastern District of North Carolina and that venue is proper in the Eastern District of North Carolina.  Except as specifically admitted, Defendant denies the allegations of Paragraph 8, including subparts A and B.

Response to "Parties"

9.      Paragraph 9 is admitted, upon information and belief.

10.     Paragraph 10 is admitted.

11.     Paragraph 11 is denied.

12.     Paragraph 12 is denied.

13.     Paragraph 13 is admitted.

14.     Paragraph 14 is denied.

15.     Paragraph 15 is admitted.

16.     In response to paragraph 16, Defendant admits that:

        A.      Brian Nock, a Caucasian male age 42 at the time of this answer, held the position of Director Compensation Consulting during Plaintiff's employment with Defendant.

        B.      Guillermo "Bill" Perez, a Hispanic male age 50 at the time of this answer, held the position of Executive Director Global Payroll during Plaintiff's employment with Defendant.

3

C.      Yolanda Conyers, an African-America female age 49 at the time of this answer, held the positions of Vice President of Human Resources Operations and Diversity and Vice President of Worldwide HR Functions and Chief Diversity Officer during Plaintiff's employment with Defendant.

D.      Gao Lan, an Asian female age 51 at the time of this answer, held the positions of Vice President HR Partnerships and Vice President Human Resources Operations during Plaintiff's employment with Defendant.

E.      Scott Sullivan, a Caucasian male age 53 at the time of this answer, held the position of Vice President of Corporate Human Resources during Plaintiff's employment with Defendant.

F.      Subhankar Roy Chowdhury, an Asian male age 45 at the time of this answer, held the position of Executive Director HR Strategy, M&A and Analytics during Plaintiff's employment with Defendant.

Plaintiff's allegation that the individuals identified in subparts A through F acted within the course and scope of their employment and agency seeks a legal conclusion that requires no response from Defendant.  Except as specifically admitted, this paragraph is denied.

<u>Response to "Statement of Facts"</u>

17.      Paragraph 17 is admitted.

18.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 18.

19.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 19.

4

20.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 20.

21.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 21.

22.     Paragraph 22 is admitted.

23.     Paragraph 23 is admitted.

24.     In response to paragraph 24, Defendant admits Brian Nock, a Caucasian male age 42 at the time of this answer, held the Director of HRIS prior to Plaintiff.  Except as specifically admitted, this paragraph is denied.

25.     In response to paragraph 25, Defendant admits Mr. Nock transferred to the HR Strategy and Planning department.  Except as specifically admitted, this paragraph is denied.

26.     In response to paragraph 26, Defendant admits that Mr. Nock did not report to Gao Lan following his transfer.  Except as specifically admitted, this paragraph is denied.

27.     Paragraph 27 is denied.

28.     In response to paragraph 28, Defendant admits Plaintiff's hire date was September 1, 2014.  Except as specifically admitted, this paragraph is denied.

29.     Paragraph 29 is admitted.

30.     Paragraph 30 is admitted.

31.     Paragraph 31 is denied.

32.     Paragraph 32 is denied.

33.     Paragraph 33 is denied.

34.     In response to paragraph 34, Defendant admits Plaintiff reported directly to Gao Lan following Ms. Conyers's transfer.  Except as specifically admitted, this paragraph is denied.

35.	Paragraph 35 seeks a legal conclusion that requires no response from Defendant. To the extent a response is deemed required, this paragraph is denied.

36.	In response to Paragraph 36, Defendant admits that two managers, Fatisha Coley, an African American female age 45 at the time of this answer and based in Morrisville, NC, and Steven Lu, an Asian male age 39 at the time of this answer and based in Beijing, China, reported directly to Plaintiff. Defendant admits Ms. Coley and Mr. Lu each supervised approximately 4 to 6 direct reports. Except as specifically admitted, this paragraph is denied.

37.	In response to Paragraph 37, Defendant admits that on or about April or May 2015, Plaintiff received a progress review with an overall rating of "strong" completed by Vice President Human Resources Operations Gao Lan. Except as specifically admitted, this paragraph is denied.

38.	Paragraph 38 is admitted.

39.	Paragraph 39 is denied.

40.	Paragraph 40 is denied.

41.	In response to Paragraph 41, Defendant admits consolidation with Motorola Mobility personnel occurred during Plaintiff's employment with Defendant. Except as specifically admitted, this paragraph is denied.

42.	Paragraph 42 is denied.

43.	Paragraph 43 is denied.

44.	Paragraph 44 is denied.

45.	In response to paragraph 45, Defendant admits that Gao Lan's office is located in Beijing, China. Except as specifically admitted, this paragraph is denied.

6

46.     In response to paragraph 46, Defendant admits that its August 2015 first quarter (fiscal year) results reflected various market challenges.  Except as specifically admitted, this paragraph is denied.

47.     Paragraph 47 is admitted.

48.     Paragraph 48 is denied.

49.     Paragraph 49 is denied.

50.     Paragraph 50 is denied.

51.     Paragraph 51 is denied.

52.     In response to Paragraph 52, Defendant admits that the comparison of Mr. Nock and Plaintiff compared individuals at the same level with similar skill sets, not Ms. Lan's direct reports based on Mr. Perez's understanding of the task.  Except as specifically admitted, this paragraph is denied.

53.     Paragraph 53 is admitted.

54.     Paragraph 54 is denied.

55.     Paragraph 55 is denied.

56.     Paragraph 56 is denied.

57.     In response to paragraph 57, Defendant admits Mr. Perez and Ms. Lan had discussions concerning what would happen with Plaintiff's job responsibilities prior to Plaintiff's notification of his termination.  Except as specifically admitted, this paragraph is denied.

58.     Paragraph 58 is admitted.

59.     In response to paragraph 59, Defendant admits Plaintiff was informed he was selected as part of the reduction in force.  Except as specifically admitted, this paragraph is denied.

60.     Paragraph 60 is admitted.

61.     Paragraph 61 is denied.

62.     Paragraph 62 is admitted.

63.     In response to paragraph 63, Defendant admits Gao Lan and Bill Perez informed Plaintiff that his direct reports would report to Mr. Perez and that he would not be replaced. Except as specifically admitted, this paragraph is denied.

64.     In response to paragraph 64, Defendant admits Plaintiff received the same severance package offered to all employees impacted by the reduction in force action which is in writing and speaks for itself. Except as specifically admitted, this paragraph is denied.

65.     In response to paragraph 65, Defendant admits Plaintiff chose not to accept the reduction in force severance package. Except as specifically admitted, this paragraph is denied.

66.     In response to paragraph 66, Defendant admits Plaintiff received a copy of the Older Workers Benefits Protection Act disclosures with the severance package information. Except as specifically admitted, this paragraph is denied.

67.     Paragraph 67 is denied.

68.     Paragraph 68 is denied.

69.     Paragraph 69 is denied.

70.     In response to paragraph 70, Defendant admits that employees who previously reported to Plaintiff were among those who subsequently reported to Mr. Nock. Except as specifically admitted, this paragraph is denied.

71.     Paragraph 71 is denied.

72.     Paragraph 72 is denied.

8

73.     In response to paragraph 73, Defendant admits Plaintiff's annual salary was $170,000 and that Plaintiff was paid bonuses in excess of $5,000 post-separation. Except as specifically admitted, this paragraph is denied.

74.     In response to paragraph 74, Defendant admits Plaintiff's employment terminated. Defendant denies the acts occurred as alleged by Plaintiff. Except a specifically admitted, this paragraph is denied.

75.     Paragraph 75 is denied.

Response to "First Cause of Action:
Race Discrimination in Violation of Title VII of the 1964 Civil Rights Act"

76.     Defendant's responses set forth in the preceding numbered paragraphs are incorporated herein by reference as if fully set forth.

77.     Paragraph 77 is denied.

78.     Paragraph 78 is denied.

79.     Paragraph 79 is denied.

80.     Paragraph 80 is denied.

81.     Paragraph 81 is denied.

82.     Paragraph 82 is denied.

83.     Paragraph 83 is denied.

Response to "Second Cause of Action:
Violation of the Reconstruction Era Statutes"

84.     Defendant's responses set forth in the preceding numbered paragraphs are incorporated herein by reference as if fully set forth.

85.     Paragraph 85 is denied.

86.     Paragraph 86 is denied.

87.    Paragraph 87 is denied.

88.    Paragraph 88 is denied.

89.    Paragraph 89 is denied.

90.    Paragraph 90 is denied.

91.    Paragraph 91 is denied.

Response to "Third Cause of Action:
Age Discrimination in Violation of the Age Discrimination in Employment Act"

92.    Defendant's responses set forth in the preceding numbered paragraphs are incorporated herein by reference as if fully set forth.

93.    Paragraph 93 is denied.

94.    Paragraph 94 is denied.

95.    Paragraph 95 is denied.

96.    Paragraph 96 is denied.

97.    Paragraph 97 is denied.

98.    Paragraph 98 is denied.

Response to "Fourth Claim for Relief: Wrongful Discharge"

99.    Defendant's responses set forth in the preceding numbered paragraphs are incorporated herein by reference as if fully set forth.

100.    Paragraph 100 is denied.

101.    Paragraph 101 is denied.

102.    Paragraph 102 is denied.

103.    Paragraph 103 is denied.

104.    Paragraph 104 is denied.

105.    Paragraph 105 is denied.

Response to "Prayer for Relief"

Defendant admits that Plaintiff has demanded a jury trial. Defendant denies that Plaintiff is entitled to any of the remedies demanded in the prayer for relief including all subsections therein.

Without assuming any burden of proof that would otherwise rest with Plaintiff under applicable law, Defendant states the following defenses and affirmative defenses:

## SECOND DEFENSE

Any and all allegations of the Complaint not expressly admitted are hereby denied.

## THIRD DEFENSE

Defendant reserves the right to assert additional defenses as may be appropriate based on continuing investigation and discovery.

## FOURTH DEFENSE

Plaintiff was employed at will and could be discharged with or without notice and with or without cause.

## FIFTH DEFENSE

To the extent any of the claims asserted in the Amended Complaint fail to state a claim upon which relief can be granted, they should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## SIXTH DEFENSE

Plaintiff's claims are barred in whole or in part to the extent they exceed the scope of the allegations of Plaintiff's EEOC Charge or rely on events occurring more than 180 days prior to the date the EEOC Charge was filed.

11

## SEVENTH DEFENSE

Plaintiff's claim for wrongful discharge in violation of North Carolina public policy is barred by the applicable statute of limitations.

## EIGHTH DEFENSE

All actions taken by Defendant regarding Plaintiff's employment or affecting plaintiff were based on legitimate, non-discriminatory, non-retaliatory, and non-pretextual reasons unrelated to Plaintiff's age or race.

## NINTH DEFENSE

Even if Plaintiff were to prove a discriminatory factor motivated the alleged actions – which Defendant expressly denies – Defendant would have taken the same action in the absence of such motivation.

## TENTH DEFENSE

If any improper, illegal, discriminatory, or retaliatory actions were taken by any of Defendant's employees against Plaintiff, they were outside the course and scope of that employee's employment, contrary to Defendant's policies and good faith efforts to comply with the law, and were not ratified, confirmed, or approved by Defendant.  Thus, any such actions cannot be attributed to Defendant.

## ELEVENTH DEFENSE

Defendant at all times acted reasonably and in good faith toward Plaintiff.  All decisions regarding Plaintiff were based on reasonable factors other than age, race, or any other alleged protected activity or characteristic.

12

## TWELFTH DEFENSE

Plaintiff cannot establish age as "but-for" cause of the challenged adverse employment action.

## THIRTEENTH DEFENSE

Any acts or omissions by Defendant that allegedly violated any provision of the ADEA were made in good faith.  Further, Defendant has reasonable grounds for believing that any acts or omissions by Defendant were not in violation of the ADEA.  As a result, Plaintiff is not entitled to seek liquidated damages pursuant to 29 U.S.C. § 626(b).

## FOURTEENTH DEFENSE

Plaintiff's claims for punitive damages fail because Defendant did not act with malice or reckless indifference to Plaintiff's federally protected rights within the meaning of 42 U.S.C. § 1981a(b)(1).

## FIFTEENTH DEFENSE

Plaintiff's claim for punitive damages, if granted by the Court, would deprive the Defendant of its rights under the Fifth, Eighth, and Fourteenth Amendments of the U.S. Constitution and Article I, ¶¶ 19 and 27 of the North Carolina Constitution.

## SIXTEENTH DEFENSE

To the extent it is determined that Plaintiff is entitled to recover in this action, which is expressly denied, Plaintiff may not recover damages for any period of time in which he did not make a reasonable effort to find comparable employment.  Defendant pleads the Plaintiff's failure to mitigate damages as a bar to recovery.

## SEVENTEENTH DEFENSE

To the extent Plaintiff has accepted other employment and has been discharged for good cause from such employment, Plaintiff is barred from receiving equitable remedies including reinstatement to employment and recovery of back pay.

## EIGHTEENTH DEFENSE

Upon discovery of sufficient facts, Defendant reserves the right to raise the defense of "after acquired evidence."

## NINETEENTH DEFENSE

Defendant hereby give notice that it intends to rely on such other and further defenses as may become applicable during discovery in this action and reserves the right to amend its Answer to assert any such defense(s).

WHEREFORE, Defendant prays the Court as follows:

1.      That the Complaint be dismissed in its entirety with prejudice;

2.      That the Plaintiff have and recover nothing of the Defendant;

3.      That the costs of this action, including reasonable attorneys' fees, be taxed against the Plaintiff;

4.      For a trial by jury on all issues so triable herein; and

5.      For such other and further relief as the Court deems just and proper.

Respectfully submitted this 22nd day of December, 2016.

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

/s/   Kimberly J. Lehman
Robert A. Sar (N.C.  Bar No. 22306)
Kimberly J. Lehman (N.C. Bar No. 43001)
4208 Six Forks Road, Ste. 1100
Raleigh, North Carolina 27622
Telephone: 919.787.9700
Facsimile: 919.783.9412
Email: bob.sar@odnss.com
E-mail: kimberly.lehman@odnss.com
*Attorneys for Defendant*

15

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
Civil Action No. 5:16-cv-00857-D

| | | |
|---|---|---|
| OGLESBY BARNETT BARRETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **CERTIFICATE OF SERVICE** |
| | ) | |
| LENOVO (UNITED STATES) INC., | ) | |
| | ) | |
| Defendant. | ) | |

This is to certify that the undersigned has this date electronically filed the foregoing **ANSWER** with the Clerk of the Court using the Court's CM/ECF System, which will electronically notify Plaintiff's counsel:

> Stewart W. Fisher
> Glenn, Mills, Fisher & Mahoney, P.A.
> 404 Hunt Street, Suite 100
> Measurement Building at Morris Ridge
> P.O. Box 3865
> Durham, North Carolina 27702-3865
> *Attorneys for Plaintiff*

This the 22nd day of December, 2016.

> OGLETREE, DEAKINS, NASH,
>   SMOAK & STEWART, P.C.
>
> /s/  Kimberly J. Lehman
> Robert A. Sar (N.C.  Bar No. 22306)
> Kimberly J. Lehman (N.C. Bar No. 43001)
> 4208 Six Forks Road, Ste. 1100
> Raleigh, North Carolina 27622
> Telephone: 919.787.9700
> Facsimile: 919.783.9412
> Email: bob.sar@odnss.com
> E-mail: kimberly.lehman@odnss.com
> *Attorneys for Defendant*

27919515.1

16